JACKSON MARINE
CORPORATION, Plaintiff,

v.

HARVEY BARGE REPAIR, INC., et
al., Defendants.

Melvin LONDON, Plaintiff-Appellee,

v.

THOMAS JORDAN, INC., etc., et
al., Defendants,

Swanson and Kebedeaux and Kebedeaux
Marine Surveying, Inc.,
Defendant-Appellant.

Rosalie FOLSE, Individually and as
surviving wife of Robert M. Folse,
etc., et al., Plaintiffs-Appellees,

v.

THOMAS JORDAN, INC., etc., et
al., Defendants,

Swanson and Kebedeaux and Kebedeaux
Marine Surveying, Inc.,
Defendant-Appellant.

Gillis MOLAISON, Plaintiff-Appellee,

v.

THOMAS JORDAN, INC., etc., et
al., Defendants,

Swanson and Kebedeaux and Kebedeaux
Marine Surveying, Inc.,
Defendant-Appellant.

No. 85–3546
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 18, 1986.

order of the Court to prevent manifest injus- tice.

Law Offices of Louis R. Koerner, Jr., Louis R. Koerner, Jr., New Orleans, La., for defendant-appellant.

Wiedemann & Fransen, Michael A. Fenasci, New Orleans, La., for London.

Cascio & Waldmann, Lester· J. Waldmann, Gretna, La., for Molaison.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

Defendants Swanson and Kebedeaux Marine Surveying, Inc. ("S & K") and M.E. Kebedeaux appeal the district court's refusal to award them attorney's fees as sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 (1982) against plaintiffs Gillis Molaison and Melvin London. Questions are also raised about the effect of the trial court's judgment. We hold that sanctions have been denied and affirm.

### FACTS

The GENMAR 258 exploded on July 30, 1982 while at the Harvey Barge Repair drydock. The explosion spawned numerous lawsuits, which were consolidated into one action. Initially, S & K and Kebedeaux were among the named defendants, but they were later dismissed voluntarily by all the plaintiffs except Molaison and London. S & K and Kebedeaux then filed a motion for summary judgment against Molaison and London and sanctions under Fed.R. Civ.P. 11 and 28 U.S.C. § 1927 (1982).

At the July 3, 1985 hearing on the motion, there was no opposition to the grant

of summary judgment and no mention of sanctions. The district judge stated, "the motion will be granted," and the docket entry reflected the title of the defendants' motion—"MOTION OF DEFENDANTS SWANSON & KEBEDEAUX MARINE SURVEYING, INC. AND M.E. KEBEDEAUX FOR SUMMARY JUDGMENT AND FOR SANCTIONS," and, underneath, the clerk's notation "granted."

On July 10, 1985, S & K and Kebedeaux moved for an entry of a final judgment under Fed.R.Civ.P. 54(b). On July 24, apparently under the impression that their motion for sanctions had been granted, they moved for a determination of the amount of attorney's fees. A final judgment was docketed on July 25, complying with Rule 54(b) in finding no just reason to delay, and simply ordering dismissal of London's claim. Costs were placed on London, but there was no mention of sanctions. On August 9 a judgment of the same content was docketed dismissing Molaison's claim. Again, there was no mention of sanctions.

A hearing on the defendants' motion for a determination of the amount of attorney's fees was held on August 14. The district court stated:

> There was an error made.... I said I grant the motion. I granted the motion for summary judgment and the Clerk in the minute entry, of course, put it in as motion of defendant Swanson granted and copied their motion granted ... and I reviewed it and I have determined that you are not entitled to sanctions.

The motion for determination of the amount of attorney's fees was denied. Within thirty days thereafter S & K and Kebedeaux filed a notice of appeal of that denial of attorney's fees.

## DISCUSSION

### I.

S & K and Kebedeaux argue that the August 14 order denying their attorney's fees should be given no "legal effect." They assert that the district court granted their motion for sanctions at the summary judgment hearing and that the grant of sanctions was subsumed in the Rule 54(b) final order. Thus, according to defendants, the award of sanctions was final under Fed.R.Civ.P. 59(e), and the district court erred by not determining the proper amount of attorney's fees on August 14. While we fail to see what defendants expect to gain by this line of argument, we will confront and reject it.

■■■ There is nothing in the record to indicate that the district court granted the motion for sanctions except for the minute entry by the clerk. At the hearing, the only subject of discussion raised by S & K and Kebedeaux was the motion for summary judgment. There was never any discussion of sanctions. Moreover, there was no mention of sanctions or attorney's fees in either of the final judgments. A minute entry by a clerk which merely repeats the title to a motion does not foreclose the district judge in the scope of the judgment of the court.

■■■ Moreover, the district court was not *required* to decide the issue of sanctions before entering final judgment on the merits. A request for fees under either Rule 11 or § 1927 requires the district court to make a determination which is collateral to the merits of a claim, *see Donaldson v. Clark*, 786 F.2d 1570, 1574–75 (11th Cir.1986), and when the question of whether to grant attorney's fees raises legal issues collateral to the main cause of action, a lack of determination as to whether fees should be awarded does not preclude entry of a final judgment on the merits. *McQurter v. City of Atlanta*, 724 F.2d 881 (11th Cir.1984). *Cf. Holmes v. J. Ray McDermott & Co., Inc.*, 682 F.2d 1143, 1146 (5th Cir.1982) ("When attorney's fees are ... collateral to an action ..., a lack of determination as to the amount does not preclude the issuance of a final appealable judgment on the merits."). For the same reasons, the trial court was not precluded by Fed.R.Civ.P. 59(e) from considering the issue of sanctions more than ten days after entry of final judgment on the merits.

**992**

*White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 450–55, 102 S.Ct. 1162, 1165–68, 71 L.Ed.2d 325 (1982). We conclude therefore that the motion for sanctions was not subsumed by the final judgments of July 25 and August 9, and the trial court's order of August 14 is independently reviewable.

## II.

 A decision of a trial court on whether to impose sanctions under Rule 11 or 28 U.S.C. § 1927 is subject to review for abuse of discretion. *Davis v. Veslan Enterprises,* 765 F.2d 494, 498 (5th Cir.1985) (Rule 11); *In re Hunt,* 754 F.2d 1290, 1294 (5th Cir.1985) (§ 1927). We find no abuse here. S & K and Kebedeaux acknowledge that they gave advice on some of the repair work which was performed on the barge. It is not unreasonable under our system of notice pleading to join a party to a suit, arising because of an explosion during repairs of a barge, to determine whether that party may have been associated with the repair work which led to the explosion. Moreover, plaintiffs are not required by Rule 11 or § 1927 to voluntarily dismiss their claims once they decide not to pursue the claims. It is enough that they do not oppose the defendant's efforts to secure summary dismissal of the claims. Under the circumstances of this case, the district court did not err in refusing to grant sanctions.

AFFIRMED.

\* District Judge of the Eastern District of Louisiana, sitting by designation.