# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 01-11569
Summary Calendar

————————

DAVID J. TEMPLE,

Plaintiff-Appellee,

VERSUS

AMERICAN AIRLINES, INC.,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Texas
m 3:99-CV-2289-AH-L

————————————

August 26, 2002

Before HIGGINBOTHAM, SMITH,
    and CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

The magistrate judge, to whom this matter was referred by consent (hereafter called the "district court" or the "court"), granted summary judgment for American Airlines, Inc. ("American"), but declined to shift fees under 42 U.S.C. § 12205 or 28 U.S.C. § 1927. Finding no reversible error, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.

_____

[*](...continued)
47.5.4.

## I.

Temple asserted three causes of action against American: (1) wrongful discharge and a failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*; (2) wrongful discharge in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and (3) promissory estoppel. American filed an answer, which included the affirmative defense that Temple's ADA "claims are barred by the applicable statute of limitations." In a joint status report, American noted that the FMLA claim lacked merit because the FMLA does not cover leaves of absence to care for a sick brother-in-law.

American deposed Temple, who testified that he "guess[ed]" that he received the right to sue letter on July 7, 1999, the same day the EEOC had signed and dated the letter. Temple stated that American granted his requests for two leaves of absence so he could visit his sick brother-in-law and attend the funeral. Temple admitted that the leaves of absence were not because he or his parents, spouse, or children suffered a serious illness, or because of the birth or adoption of a child.

Temple testified, however, that he requested the leave of absence so that he could "take care of [his] kids" while his wife attended to her terminally ill brother. Temple reported that an American supervisor instructed him to "go ahead and take care of the family situation first, and we'll discuss that [training schedule] when you get back." Temple also admitted, however, that he had no idea whether the leaves of absence would be held against him and that he did not rely on a manager's promises. American responded to an interrogatory by pointing out that Temple's failure to file suit within 90 days after receiving a right to sue letter would bar his claim.

After Temple's deposition, American did not immediately move for summary judgment, but, instead, moved for leave to amend and add the affirmative defense of mitigation. The court granted the motion to amend and gave Temple an opportunity to amend his complaint. American substituted counsel, which further delayed the filing of its summary judgment motion, and the district court extended the deadline for filing dispositive motions.

American moved for summary judgment, alleging many alternative grounds for dismissal but making only three arguments relevant to this appeal. First, it asserted that Temple had failed to sue within ninety days from when he received a right to sue letter, making his ADA claim untimely. Second, American argued that the FMLA does not guarantee leaves of absence to care for a sick brother-in-law or to attend his funeral. Finally, American relied on Temple's testimony that he had not relied on promises made by American's managers.

Temple sought to dismiss without prejudice under FED. R. CIV. P. 41(a)(2); the court refused. Temple filed a response to the motion for summary judgment, conceding his "federal discrimination claims." He filed a motion for additional discovery under FED. R. CIV. P. 56(f) to explore his promissory estoppel claim. On August 17, 2001, the district court granted American summary judgment and denied Temple's rule 56(f) motion.

American then moved for attorneys' fees under two statutes. First, it sought fees as a "prevailing party" under the ADA, 42 U.S.C.

§ 12205. American emphasized that it had obtained summary judgment because Temple filed his claims two days after the filing deadline had lapsed. Second, American invoked 28 U.S.C. § 1927 to punish Temple for "unreaso nably" and "vexatiously" multiplying claims or proceedings. American argued that Temple unnecessarily forced them to move for summary judgment.

The court described Temple's actions as "disturbing" but refused to grant the motion. The court explained that American could have provided Temple with notice that his claims lacked merit before moving for summary judgment; the court also reasoned that Temple's claims had too firm a basis in fact and law to justify shifting fees.

## II.

The ADA permits "prevailing parties" to recover attorneys' fees.[1] We review for abuse of discretion decisions shifting fees under the ADA. *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001). "A district court abuses its discretion if it awards sanctions based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999).

---

[1] Section 12205 states:

In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

We have applied the same standards to the ADA's fee-shifting provision for "prevailing parties" that we apply to the almost-identical fee-shifting provisions of title VII and 42 U.S.C. § 1988. *No Barriers*, 262 F.3d at 498. Under all three statutes, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

American argues that because the ADA's filing requirements plainly barred Temple's claim, his suit was frivolous and "without foundation." We addressed this same argument under title VII's fee-shifting provision in *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 122 (5th Cir. 1980), holding that a district court did not abuse its discretion by denying fees to a defendant that had prevailed on an exhaustion defense. The plaintiff in *Nilsen* sued over seven months after receiving an EEOC letter, and we affirmed the dismissal on that basis. *Id.* 120-21. We also deferred, however, to the district court's finding that the plaintiff had not violated the standard set forth in *Christianburg* and upheld the denial of fees. *Id.* at 122.

American argues that Temple's ADA claim became "frivolous" when his deposition testimony established the date on which he had received his right to sue letter. Temple's revelation may have supported American's motion for summary judgment, but it fell far short of the epiphany that American describes.

Temple first testified that he did not remember when he received the letter. American then confronted him with a copy of

the letter that he had faxed to another person, and the fax indicated he had sent it on July 7. Temple responded by saying that he "guess[ed]" he received the right to sue letter on the same date the EEOC officer signed it, but he qualified that by saying that he really did not remember receiving it.

The summary judgment evidence did prove that Temple received the letter on July 7, but the evidence was not overwhelming. His counsel reasonably could have waited for the summary judgment motion to determine the quantity of admissible evidence supporting American's allegations about the date of receipt.

American fully developed its exhaustion defense only in the motion for summary judgment. It raised the ADA's time limits generally as an affirmative defense in its answer, but it had not specifically identified the ninety-day filing requirement. Similarly, in the deposition, American asked Temple whether he had received the right to sue letter on the same day it was signed. After Temple replied that he "guess[ed]" so, American asked no further questions. American's interrogatory response described his ADA claim as time barred.

An ADA plaintiff does not have an obligation to dismiss his claim where the defendant has unearthed facts, but has not developed its argument or theory, demonstrating that the claim is time barred. The plaintiff may wait until the defendant advances a legal argument, either in the form of a motion to dismiss or a motion for summary judgment. After considering that argument and evidence, Temple accepted American's proof of the date of receipt and conceded the claim.

If Temple's deposition testimony so plainly established the date he received the letter that it barred Temple's claim, American could have sought leave to file a short motion for summary judgment. American's counsel thereby would have avoided altogether most of the costs of filing for summary judgment. Taking this step, rather than submitting a sophisticated motion for summary judgment supported by over 200 pages of documents, would have reduced attorneys' fees charged to defend against the ADA claim.

III.

American appeals the denial of fees under 28 U.S.C. § 1927, a matter we review for abuse of discretion. *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001). According to § 1927, a court may shift reasonable fees to "any attorney" "who so multiplies the proceedings in any case unreasonably and vexatiously."[2] The court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). Proving that a counsel's behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the

---

[2] Section 1927, in full, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

4

court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1992).

Section 1927 only authorizes shifting fees associated with "the persistent prosecution of a meritless claim." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (citation omitted) (internal quotation omitted). The courts often use repeated filings, despite warnings from the court, or other proof of excessive litigiousness to justify sanctions. *Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988). We have interpreted § 1927 as penal and have construed it in favor of the sanctioned party. *FDIC v. Connor*, 20 F.3d 1376, 1384 (5th Cir. 1994). This construction prevents the courts from dampening "the legitimate zeal of an attorney in representing her client." *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991).

American contends that Temple should have known that his case lacked merit after his deposition, which revealed the ADA claim as time barred, the absence of facts supporting an FMLA claim, and the shaky grounds for promissory estoppel. Section 1927, however, requires more than knowledge of a case's weaknesses, even if fatal. American has not pointed to evidence of bad faith, improper motive, or a reckless disregard of duties owed to the court. *Edwards*, 153 F.3d at 246. We examine each claim in turn and find that none was outlandish or baseless enough to shift the costs for the motion for summary judgment:

On the ADA claim, Temple had *some* basis for waiting until American fleshed out its exhaustion argument in the motion for summary judgment. We decline to shift fees under § 1927 for substantially the same reasons we declined to shift fees under the ADA's more lenient standard.

On the FMLA claim, Temple advanced a legal argument or theory, although it was not very compelling. By its terms, the FMLA guarantees leave for employees to care for spouses, parents, and children with "serious health condition[s]"; the statute does not ensure leave to care for sick brothers-in-law. 29 U.S.C. § 2612(a)(1). One other litigant has argued that courts should extend the FMLA's protections to other relatives similar to those expressly covered.[3]

We have not addressed the question whether the FMLA's list of covered relatives is exhaustive or illustrative, and Temple could have made a (weak) argument that the list is merely illustrative. He also testified that he was caring for his children during the leaves of absence. He could have relied on the illustrative list argument in combination with his actions in caring for his children to make a weak argument for extending the FMLA to this case. This dubious theory of recovery was not frivolous enough to warrant § 1927 sanctions.

Temple had some evidence to support his promissory estoppel claim. Although he did not advance proof of subjective reliance, he did testify that an American supervisor had told him not to worry about his job during his absence. Despite the fact that the summary judgment evidence failed to support a promissory estoppel claim, Temple was justified in forcing American to file for summary judgment.

---

[3] *Krohn v. Forsting*, 11 F. Supp. 2d 1082, 1091-92 (E.D. Mo. 1998) (rejecting argument that the FMLA guaranteed leave of absence to care for grandmother who had not served as primary caregiver).

The evidence on all three claims, although weak, does not justify shifting fees for American's motion for summary judgment. Where the plaintiff has *some* evidence to support his claim, § 1927 usually does not require the plaintiff to dismiss voluntarily. *Jackson Marine Corp. v. Harvey Barge Repair, Inc.*, 794 F.2d 989, 992 (5th Cir. 1986). The plaintiff may merely refuse to oppose the summary dismissal of those weak claims. *Id.* The district court, which watched events unfold firsthand, did not abuse its discretion by refusing to grant fees under § 1927.

AFFIRMED.