# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60328
Summary Calendar

BRIAN H NEELY; KAREN NEELY

Plaintiffs - Appellants

v.

REGIONS BANK INC, also known as Regions Mortgage Inc; PIERCE
LEDYARD; TONDA BURKE; HELEN F-J JOYCE; JANE DOE, paralegal for
Pierce Ledyard; JOHN 1-20, attorney

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-106

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Brian and Karen Neely, husband and wife, filed suit after their mortgage
company foreclosed on property they owned. The district court dismissed the
case and sanctioned the Neelys. The Neelys now appeal. For the reasons that
follow, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1. The Neelys first contend that the district court erred in granting judgment in favor of Regions Bank. The district court both granted Regions summary judgment and simultaneously dismissed the case against it as frivolous.

We review grants of summary judgment de novo, applying the same legal standards as the district court. Machinchick v. PB Power, Inc., 398 F.3d 345, 349 (5th Cir. 2005). Summary judgment is proper when the undisputed material facts establish that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The Neelys seem to make two arguments to establish that Regions was not entitled to summary judgment. First, the Neelys argue that they were not behind in their mortgage payments. The Neelys contend that after Regions sent notice in early February 2003 that they were behind $4,220.07 on their mortgage, they sent Regions three checks in early March 2003 totaling that very amount. While the Neelys claim that they mailed the checks, Regions claims it never received them. But even assuming that the Neelys mailed the checks as they claim, since another month had gone by, the Neelys would have owed another month's mortgage payment in addition to the $4,220.07. Thus, even crediting the Neelys' story, they were still behind in their mortgage and Regions could foreclose on the property.

The Neelys next argue that Regions was not entitled to summary judgment in light of Temple-Inland Mortgage Corp. v. Jones, 749 So. 2d 1161 (Miss. Ct. App. 1999). There, Temple-Inland sent the mortgagor a series of letters telling him that he was behind on his mortgage and informing him of the amount of the

delinquency. Id. at 1163–64. After Temple-Inland threatened to foreclose, the mortgagor brought suit several months later, alleging that Temple-Inland was trying to wrongfully foreclose on his property. Id. at 1164. In determining what duties Temple-Inland had to its mortgagor, the court quoted an earlier Mississippi Supreme Court case that held that the mortgagee in that case was "'estopped from exercising the right conferred upon him in the mortgage contract to declare the entire amount of the indebtedness due prior to its maturity without first rendering to . . . [the mortgagor] a true and correct account of the amounts received by him, and the balance due on the indebtedness, and giving [the mortgagor] a reasonable opportunity to pay the past due interest and taxes . . . .'" Id. at 1167 (quoting Johnson v. Gore, 80 So. 2d 731, 737 (Miss. 1955)). With that standard as its guide, the court held that to the extent that Mississippi law placed a duty on Temple-Inland "to provide an accounting of the indebtedness necessary to avoid a foreclosure before the mortgagee can proceed with a foreclosure sale," it had complied with its obligations. Id. at 1168.

The Neelys contend that there are disputes of material fact with respect to whether Regions has complied with its duties under Temple-Inland. But the undisputed evidence establishes that the facts of this case are materially indistinguishable from Temple-Inland. Regions sent several letters to the Neelys informing them of their delinquency, as was the case in Temple-Inland; while the Neelys claim not to have received some of these letters, Mississippi law presumes that an individual receives a letter sent in the mail unless that individual can come forward with evidence to the contrary—a statement by a party that he or she did not receive the

mail, as is the case here, is insufficient as a matter of law to overcome the presumption. Holt v. Miss. Employment Sec. Comm'n, 724 So. 2d 466, 471 (Miss. Ct. App. 1998). Moreover, as in Temple-Inland, the Neelys had sufficient opportunity to cure their delinquency; indeed, they had an opportunity in March 2003 when they chose to send checks that failed to properly cure their delinquency. Accordingly, Regions did not violate its duties to the Neelys and Regions was entitled to summary judgment.

2. The Neelys next contend that the district court should not have granted the Pierce Ledyard law firm, and its employee, Helen Joyce, summary judgment. Regions hired Pierce Ledyard to stand in as trustee on the deed of trust securing the promissory note on the Neelys' property. The firm was hired to initiate foreclosure proceedings against the Neelys because of their perpetual delinquency on their mortgage.

Under Mississippi law, a deed of trust is only superficially analogous to a conventional trust and is "little more than a common law mortgage with a power to convey in the event of default." Wansley v. First Nat'l Bank of Vicksburg, 566 So. 2d 1218, 1223 (Miss. 1990). Thus, Pierce Ledyard and its employees did not have the typical duties associated with a trustee; instead they owed the Neelys no duties "until called upon to foreclose," at which point the duties were "limited to conducting a fair and impartial sale according to law and the contract between the parties." K.F. BOAKLE, MISS. REAL ESTATE FORECLOSURE LAW § 2:3 (2d ed. 2006). In other words, the scope of Pierce Ledyard's duties did not extend beyond the foreclosure sale.

The Neelys concede that Pierce Ledyard, acting through Joyce, did not violate any duties with respect to the foreclosure sale. Instead, they cite cases, such as Temple-Inland (discussed above), that delineate the duties of a mortgagee—i.e., Regions's duties to the Neelys. But those cases have nothing to do with the duties Pierce Ledyard, acting as trustee, owed the Neelys. And because there is no dispute that Pierce Ledyard and Joyce did not violate their trustee duties with respect to their conduct of the foreclosure sale, they were properly granted summary judgment.

3. The Neelys also argue that they should not have been ordered to pay some of the attorneys fees of Regions as a sanction. We review the district court's decision to sanction the Neelys for an abuse of discretion. Jackson Marine Corp. v. Harvey Barge Repair, Inc., 794 F.2d 989, 992 (5th Cir. 1986).

The district court sanctioned Mr. Neely approximately $6,000 for violating 28 U.S.C. § 1927. The district court awarded Regions attorney fees to reimburse it for the fees associated with the March 2006 motion for contempt hearing. Mr. Neely, a licensed attorney who by March 2006 was representing himself and his wife, failed to appear for the hearing. Mr. Neely claims he never received notice of the hearing even though the district court sent Mr. Neely both mail and electronic notice. But even if Mr. Neely did not receive the mailed notice, he had been required since January 2006 to register with the electronic notice system because he was acting as his own attorney. Thus, if Mr. Neely did not receive notice, it was his own fault. The Neelys also argue that since 28 U.S.C. § 1927 allows only attorneys, not litigants, to be sanctioned, the provision is inapplicable since they were represented by counsel. But this

ignores that Ms. Neely was expressly not sanctioned under this provision and Mr. Neely was sanctioned only for his conduct when he was acting as an attorney in this litigation. Accordingly, the district court did not abuse its discretion in awarding Regions fees under 28 U.S.C. § 1927. Similarly, the district court did not abuse its discretion in determining that the billing records of Regions in support of its attorney-fee request were specific enough to sustain an award.

The district court also sanctioned the Neelys approximately $6,000 for violating Rule 11(b)(3) of the Federal Rules of Civil Procedure. Regions was awarded fees for this violation to compensate it for the Neelys making a frivolous factual contention—that they were no longer behind on their mortgage when they mailed three checks in March 2003. The Neelys contend that their factual contention was not frivolous, but as explained above, even assuming they did in fact mail checks to Regions, they would still have been behind in their mortgage payment—a fact they ignored before the district court. The Neelys also state that they cannot be sanctioned because they were represented by counsel during the suit. But litigants can be sanctioned under Rule 11 even if they are represented. See FED. R. CIV. PROC. 11(c)(1) (stating that "the court may impose an appropriate sanction on any . . . party"). Thus, we cannot say that the district court abused its discretion by determining the suit was frivolous and sanctionable.

Finally, the district court sanctioned the Neelys approximately $8,000 for violating Rule 37 of the Federal Rules of Civil Procedure. Regions was awarded fees under Rule 37 to compensate it for the Neelys numerous and flagrant discovery

violations.  The district court also awarded Regions approximately $3,500 in costs.  The Neelys make no argument that the district court abused its discretion with respect to either award and therefore any complaint they might have is waived.  United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

4.  Finally, the Neelys assert that the district court and magistrate judges should have recused themselves. The Neelys, however, make no argument, cite no legal authority (including identifying the controlling standard), or point to any evidence supporting their position.  Accordingly, they have waived the issue for lack of adequate briefing.  Id.

AFFIRMED.