# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50507
Summary Calendar

CECILIA GARZA-TREVINO

Plaintiff-Appellant

v.

NEW ENGLAND FINANCIAL

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-495

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Cecilia[1] Garza-Trevino appeals the district court's adverse summary judgment on her breach of contract, fraud, and bad faith claims against her former insurer, New England Financial. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although spelled differently in the district court's opinion, this is the correct spelling of Garza-Trevino's first name.

I.

This appeal arises from a dispute regarding Garza-Trevino's eligibility for "Total Disability" benefits under an insurance policy issued by New England. The policy defined "Total Disability" as follows:

**"Total Disability"** means that because of Injury or Sickness:

> a. You are unable to perform the important duties of Your occupation; and
> b. You are not engaged in any other gainful occupation; and
> c. You are receiving a Physician's Care

The policy was in effect on August 17, 2001 when Garza-Trevino was involved in a car accident. At that time, she was working as an architect on a contract basis and undergoing treatment for cancer. Garza-Trevino did not call paramedics or go to the hospital for treatment immediately after the accident; rather she finished running an errand and then returned to work.

On August 20, 2001, Garza-Trevino sought treatment for back pain from a chiropractor in Austin, Texas named Cynthia Schade, D.C. During her treatment with Dr. Schade, Garza-Trevino self-reported the frequency and severity of her pain. On May 6, 2002, approximately eight months after the accident, Garza-Trevino reported that her back condition was eighty percent better. On her last day of treatment, Garza-Trevino reported that the severity of her back pain was a one on a scale from one to ten (ten being the most severe). After Garza-Trevino's last treatment, Dr. Schade noted that Garza-Trevino "reports to be approximately 90% better."

On October 8, 2002, Garza-Trevino notified New England that she was filing a disability claim under the policy. The next day, in accordance with the policy provisions regarding proof of loss, New England sent Garza-Trevino a disability insurance claim form to complete, which included an attending physician's statement. The attending physician's statement required a doctor's

2

certification that Garza-Trevino's injury prevented her from performing the major functions of her occupation.

Prior to notifying New England of her intent to file a claim under the policy, Garza-Trevino had already sought a second opinion and additional treatment options from George Tipton, M.D. After conducting a comprehensive examination, Dr. Tipton concluded that Garza-Trevino was not totally disabled from her profession. He reiterated his conclusions in a letter dated October 15, 2002. In the letter, Dr. Tipton refused to complete Garza-Trevino's attending physician's statement because he did not believe that she was totally disabled. Dr. Tipton specifically noted that Garza-Trevino did not need to devote full-time to "healing" and that her treatment and rehabilitation could be completed while she continued to practice her profession. In a later deposition, Dr. Tipton admitted that he was not a disability determination specialist and that he did not know the primary job functions of an architect. Dr. Tipton stood by his initial conclusion, however, that the severity of Garza-Trevino's back injury did not totally disable her from her work as an architect.

By letter dated March 3, 2003, New England informed Garza-Trevino that, based on the information received to date, it was unable to accept her claim for disability benefits. The letter informed Garza-Trevino that she had 180 days to file an appeal and submit any new information pertaining to her claim. According to the letter, the failure to file an appeal within 180 days would cause New England's denial of Garza-Trevino's claim to become final.

On March 2, 2007, almost four years after New England's denial of her disability claim, Garza-Trevino filed this lawsuit against New England. Garza-Trevino alleged that her injury had kept her from working as an architect from October 2001 to September 2002. She asserted claims for fraud, bad faith, and breach of contract.

After conducting some discovery, New England filed a motion for summary judgment on each of Garza-Trevino's claims. In support of its motion, New England relied heavily on the conclusions of Dr. Schade and Dr. Tipton. Garza-Trevino did not file a motion for continuance in response to New England's summary judgment motion. Rather, she filed a response on the merits, attaching an appendix containing just twelve exhibits. The only medical information contained in those exhibits related to Garza-Trevino's treatment by Dr. Schade and Dr. Tipton. Nothing in those exhibits opined that she was totally disabled from her profession.

Without holding a hearing, the district court granted New England's motion for summary judgment and entered a final judgment in its favor. The court found that Garza-Trevino failed to proffer evidence raising a fact issue on her breach of contract claim and that her fraud claim failed because the record contained no material misrepresentation of fact. The court also found Garza-Trevino's bad faith claim barred by Texas's two-year statute of limitations.

After Garza-Trevino filed a notice of appeal, she filed a motion for sanctions in the district court, alleging that New England failed to serve her with three pleadings. The district court denied that motion, finding that New England's failure to serve the documents resulted from inadvertence rather than any bad faith.

II.

Garza-Trevino raises numerous challenges on appeal: she contends that she had an absolute right to a hearing on New England's summary judgment motion; she challenges the substance of the district court's summary judgment ruling and the district court's order denying her motion for sanctions; and she asks the court to grant her motion to supplement the record on appeal with documents that the district court did not have before it and therefore did not consider.

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party always bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the "pleadings, the discovery and disclosure materials on file, and any affidavits" which it believes reveal the absence of a genuine fact issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Frank v. Xerox Corp.*, 347 F.3d 130, 135 (5th Cir. 2003) (citation omitted). Although doubts and reasonable inferences must be resolved in favor of the nonmoving party, the nonmovant's conclusory allegations and unsubstantiated assertions will not defeat summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Contrary to Garza-Trevino's assertions, parties in this circuit do not have an absolute right to an oral hearing on summary judgment motions. *Johnson v. United States*, 460 F.3d 616, 619, n.2 (5th Cir. 2006); *Daniels v. Morris*, 746 F.2d 271, 275 (5th Cir. 1984).[2] Many federal district courts resolve all summary judgments without oral hearing; the decision about whether to hold an oral hearing is left to the sound discretion of the district court. Moreover, the lack of an oral hearing did not deprive Garza-Trevino of the opportunity to proffer

---

[2] Garza-Trevino relied upon state court decisions from California. The district court here was governed by the Federal Rules of Civil Procedure, not those of California. Thus, the cases she cites on this point are inapposite.

evidence showing the existence of a genuine fact issue.[3] Garza-Trevino responded to New England's summary judgment motion on the merits and filed additional evidence that she claimed raised a fact issue; at no point did she request a continuance to seek additional discovery or further medical evaluation. Thus, Garza-Trevino had a full and fair opportunity to present her summary judgment evidence to the district court.

The district court granted summary judgment on Garza-Trevino's breach of contract claim because she failed to offer any evidence that she was totally disabled as defined by the policy. On appeal, Garza-Trevino does not explain how the summary judgment evidence raises a fact issue on the question of total disability. Rather, she spends most of her brief attempting to discredit Dr. Tipton. Even in the absence of Dr. Tipton's medical reports, however, the record remains devoid of evidence that Garza-Trevino was "Totally Disabled." Where, as here, the nonmovant would bear the burden of proof at trial, she may not simply rest on her pleadings in response to a summary judgment motion but must come forward with evidence to raise a fact issue on her claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). There is no requirement that the moving party file affidavits negating the plaintiff's claim. *Id.* at 323. Accordingly, summary judgment on Garza-Trevino's breach of contract claim was proper.

---

[3] Garza-Trevino has not explained what she would do at a hearing that she could not do in written form. She would not have been permitted to introduce live testimony at a summary judgment hearing.

An actionable claim for fraud requires, among other things, a material false representation. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). The district court granted summary judgment on Garza-Trevino's fraud claim because there was no summary judgment evidence raising a fact issue on this element. Garza-Trevino's second amended complaint appears to allege fraud based on three things: (1) the fact that Unum Provident Corporation rather than New England processed Garza-Trevino's disability claim; (2) the fact that the policy is entitled "Disability Income Policy" but requires proof of "Total Disability"; and (3) the policy's requirement that claimant's submit proof of loss forms, which includes an attending physician's statement. Garza-Trevino has not pointed to any summary judgment evidence revealing a false representation by New England related to these things. The policy is silent on which entity processes disability claims, clearly defines "Total Disability," and requires proof of loss forms. Accordingly, summary judgment on Garza-Trevino's fraud claims was proper.

The district court found Garza-Trevino's bad-faith breach of contract claims barred by the applicable statute of limitations. Under Texas law, a bad faith claim must be brought within two years of the date on which the cause of action accrues. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Any bad faith claim related to New England's alleged breach of the policy accrued, at the latest, on August 30, 2003 – the date on which New England's denial of Garza-Trevino's disability claim became final. Garza-Trevino did not file suit until March 2007. Thus, her claims are barred as a matter of law.

Garza-Trevino also contends that she suffered prejudice when New England invoked ERISA preemption as a defense in its answer. New England did not rely upon its ERISA preemption defense in filing the summary judgment

motion at issue. Thus, this argument does not call into question the propriety of the rulings that Garza-Trevino is challenging in this appeal.

Garza-Trevino also challenges the district court's denial of her sanctions motion, which we review for abuse of discretion. *Jackson Marine Corp. v. Harvey Barge Repair, Inc.*, 794 F.2d 989, 992 (5th Cir. 1986). Garza-Trevino's motion was based on New England's purported failure to serve her with its first amended answer, its advisory regarding trial before United States Magistrate Judge, and its reply in support of its motion for summary judgment. The record provides some evidence that New England's failure to serve Garza-Trevino with these documents resulted from inadvertence and confusion with respect to whether Garza-Trevino was using the ECF Filing System rather than any bad faith on the part of New England. The district court did not abuse its discretion in concluding that inadvertence, rather than bad faith, was the cause of the service failure and that this failure did not prejudice Garza-Trevino.

Finally, Garza-Trevino has filed a motion for leave to amend or supplement the record on appeal with numerous documents that she did not file with the district court. The motion is denied. Our review in this appeal is limited to the summary judgment record before the district court. *See*, *e.g.*, *Topalian v. Ehrman*, 954 F.2d 1125, 1132 n.10 (5th Cir. 1992).

## III.

The district court's grant of summary judgment for New England and denial of Garza-Trevino's sanctions motion is AFFIRMED. Garza-Trevino's motion for leave to supplement the record on appeal is DENIED. New England's motion to strike Garza-Trevino's appendix in support of brief is DENIED as MOOT.